IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Monique Young, <br><br> PLAINTIFF, <br><br> v. <br><br> HAZA Foods of Northeast, LLC, <br><br> DEFENDANT. | CASE NO. <br><br> JUDGE <br><br> **COMPLAINT FOR MONEY DAMAGES WITH JURY DEMAND** |

## INTRODUCTION

This civil action seeks to redress the Defendant's unjustified withholding of Plaintiff Monique Young's pay for the work she performed at the Wendy's Restaurant located at 558 Griswold Avenue, Elyria, Ohio. Because the Defendant refused to pay Plaintiff Monique Young for all the time that she worked—in violation of Federal and Ohio law—she seeks to recover her unpaid wages and the damages stemming from the Defendant's misconduct.

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §1331 and 29 U.S.C. §216(b) over Ms. Young's claims for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C §§201-219.

2. This Court has supplemental jurisdiction under 28 US.C. §1367(a) for Ms. Young's claims arising under the Ohio Constitution, Art. II, Section 34a, Oh. Rev. Code §4111.02, Oh. Rev. Code § 4113.15, and the common law of the State of Ohio because those claims are so related to Ms. Young's FLSA claim that they form part of the same case or controversy.

3. Venue is proper under 28 U.S.C. §1391(b)(2) in the Eastern Division of the Northern District of Ohio because a substantial part of the events and omissions giving rise to Ms. Young's claims occurred in Elyria, Ohio.

1

## PARTIES

4. Plaintiff Monique Young is a resident of Elyria, Ohio. At all times relevant to this action she was an "employee" as defined by the FLSA, 29 U.S.C. §203(e)(1).

5. Defendant HAZA Foods of Northeast, LLC. is a Delaware limited liability company registered to do business in Ohio and which owns and operates several restaurants, including the Wendy's located at 558 Griswold Road, Elyria, Ohio.

6. During all times relevant to this action, Defendant was an "employer" within the meaning of the Ohio Constitution, Oh. Rev. Code § 4111.01, Oh. Rev. Code § 4113.15, 29 U.S.C. § 203(d).

7. During all times relevant to this action, Defendant was responsible for the hiring of Ms. Young; establishing her pay rates; and allowing, directing, ratifying, participating in, or otherwise causing the unlawful acts described.

## FACTS

8. Monique Young was hired to work at the Wendy's Restaurant located at 558 Griswold Road in August 2022.

9. She was promised a pay rate of $13.00 per hour.

10. She worked at the restaurant from on or about August 26, 2022 to September 4, 2022.

11. Young was an employee of Defendant, under both the FLSA and Ohio law.

12. Young was never compensated for the time she worked, violating both the FLSA and Ohio minimum wage law.

13. Young reached out to the manager at Wendy's several times to ask about her pay, but still never received it.

14. When Young reached out to HAZA Foods to request copies of her pay records pursuant to Oh. Rev. Code §4113, HAZA Foods denied that she had worked for them. After Young

produced a time slip from one of the days she worked there (Exhibit 1), the company quickly found record of her employment, and time slips for other days (Exhibit 2).

15. Though HAZA Foods indicated that they would compensate Young, to date Young has received no compensation from HAZA Foods for the time she worked at Wendy's on Griswold Road in 2022.

16. Because of the actions taken by the Defendant in wrongfully refusing to pay Ms. Young her wages, she was forced to hire attorneys to protect her interests and her damages include reasonable attorney fees incurred in pre-suit representation and the prosecution of this case.

### Claim 1: Failure to Pay Minimum Wages in Violation of Oh. Const. Art. II, §34a & Oh. Rev. Code §4111.02

17. All prior paragraphs are incorporated by reference into this claim.

18. Defendant is an employer, as defined by Oh. Const. Art. II, §34a.

19. Ms. Young is an employee, as defined by Oh. Const. Art. II, §34a.

20. Defendant's refusal to pay Ms. Young for her time worked is a violation of minimum wage requirements under Oh. Rev. Code §4111.02 and the Ohio Constitution, Article II, Section 34a.

21. Under the Ohio Constitution and Oh. Rev. Code § 4111.14(J), employers who fail to pay the minimum wage shall be liable to the employee for back wages, "an additional two times the amount of the back wages," and the employees' costs and reasonable attorney's fees.

22. As a direct and proximate result of Defendant's failure to pay wages owed to Ms. Young, she has been damaged in amounts to be proven at trial.

### Claim 2: Failure to Pay Minimum Wages in Violation of the FLSA, 29 U.S.C. §206

23. All prior paragraphs are incorporated by reference into this claim.

24. Defendant's refusal to pay Ms. Young for her time worked means that she was paid less than minimum wage, as required by the FLSA.

25. Defendant is an "employer" as defined by the Fair Labor Standards Act (FLSA).

26. Under the FLSA, 29 U.S.C. § 216(b), employers who fail to pay the minimum wage shall be liable to the employee in the amount of their unpaid minimum wages and an additional equal amount as liquidated damages, among other remedies.

27. Employers who repeatedly or willfully violate 29 U.S.C. § 206 shall be subject to a civil penalty set forth in 29 U.S.C. § 216(e)(2).

28. Defendant knowingly, willfully, and recklessly engaged in the above-mentioned violations of the FLSA.

29. As a direct and proximate result of Defendant's failure to pay wages owed to Ms. Young, she has been damaged in amounts to be proven at trial.

**Claim 3:  Breach of Contract**

30. All prior paragraphs are incorporated by reference into this claim.

31. Young and Defendant entered a binding contract for employment. The terms of the contract imposed certain duties upon the parties including, but not limited to, Defendant's payments of hourly wages to Young in exchange for her performing work for the Defendant's benefit.

32. Young performed under the contract by completing all work required of her.

33. Defendant materially breached the agreement by failing to pay Young all the wages owed to her under the contract.

34. Because of Defendant's breach, Young has suffered economic harm and is entitled to all unpaid wages, interest, and costs.

**Claim 4: Unjust Enrichment**

35. All prior paragraphs are incorporated by reference into this claim.

36. Young conferred a benefit upon Defendant by performing work at the direction and request of Defendant, and Defendant was aware of these benefits.

37. Defendant failed to compensate Young properly and fully under the terms of their agreement, yet they retained the benefits of her work.

38. It is unjust and inequitable for Defendant to accept and retain the benefits of the work performed by Young without paying her for the work performed.

39. Because Defendant has been unjustly enriched, Young is entitled to the full value of the work she performed in amounts to be proven at trial.

**Claim 5: Failure to Timely Pay Wages in Violation of Oh. Rev. Code §4113.15**

40. All prior paragraphs are incorporated by reference into this claim.

41. Oh. Rev. Code §4113.15(A) requires every employer to pay all its employees "the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

42. Defendant's failure to timely pay Young, following her resignation, all her wages for all hours worked violated Oh. Rev. Code §4113.15.

43. Defendant has not paid Young since her resignation, well more than sixty days since her last regularly scheduled payday.

44. Under Oh. Rev. Code §4113.15(B), Defendant's violation entitles Young—in addition to her unpaid wages—to six percent (6%) of the amount of the wages owed to her, or two hundred dollars, whichever is greater.

## PRAYER FOR RELIEF

Plaintiff therefore requests that the Court render judgment in her favor on all counts against Defendant and grant the following relief:

a. Award Plaintiff unpaid actual wages in an amount to be determined at trial;

b. Award Plaintiff statutory and liquidated damages for failure to pay minimum wages;

c. Award Plaintiff full compensatory damages in an amount to be determined at trial;

d. Award Plaintiff pre-judgment and post-judgment interest on all monetary awards;

e. Award Plaintiff reasonable attorneys' fees and all other costs incurred for this action; and

f. Grant such other relief in law or equity that this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury for all counts so triable.

Dated: February 8, 2024              Respectfully submitted,

*/s/ Melissa Salamon*
Melissa Salamon (Ohio Bar No. 0092162)
    Phone: (216) 861-5385
    Email: msalamon@lasclev.org
Matthew L. Alden (Ohio Bar No. 0065178)
    Phone: (216) 861-5659
    Email: malden@lasclev.org
THE LEGAL AID SOCIETY OF CLEVELAND
    1223 W. 6th Street
    Cleveland, Ohio 44113
    Fax: (216) 861-0704
    *Attorneys for Plaintiff Monique Young*